**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6336**

_____

ETHAN JEROME MOORE,

        Petitioner - Appellant,

    v.

DAVID L. YOUNG,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:20-cv-00857)

_____

Submitted:  July 21, 2022                                 Decided:  July 26, 2022

_____

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Ethan Jerome Moore, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ethan Jerome Moore, a federal prisoner, appeals the district court's order adopting the recommendation of the magistrate judge and dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), discern no reversible error in the district court's determination that Moore failed to demonstrate that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging his conviction. However, because the district court lacked jurisdiction over Moore's § 2241 petition, we modify the court's order to reflect that the dismissal of Moore's petition is without prejudice and affirm the order, *Moore v. Young*, No. 5:20-cv-00857 (S.D.W. Va. Mar. 7, 2022), as modified, *see* 28 U.S.C. § 2106; *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*